UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEROME POSS,

Plaintiff,

v.

DEPUTY LOMMIS, #156 and
COUNTY OF HENNEPIN,

Defendants.

CIVIL NO. 00-175 (RHK/JMM)

ORDER

The above matter was before the Court for a Pretrial and Settlement Conference on June 18, 2001. Alan J. Lanners, Esq. appeared on behalf of Plaintiff; Toni A. Beitz, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that no later than July 9, 2001, Defendants shall pay to Plaintiff the sum of $500 as a sanction, pursuant to the provisions of Rule 16(f) of the Federal Rules of Civil Procedure.

Dated: June 19, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

This matter is scheduled to commence trial as case No. 1 on the August 1, 2001 trial calendar of the District Court. By Order dated May 21, 2001, this Court scheduled a Pretrial and Settlement Conference to commence at 10:00 a.m. The Order

FILED JUN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

required that each party be present, and stated: "Each party present shall have full settlement discretion, including the unlimited power to change the party's settlement posture during the course of the conference." Defendant Deputy Loomis did not appear until the afternoon. No member of the Hennepin County Board attended, and those present on behalf of the Board appeared with a limit on their authority to make a settlement offer. This violated the provisions of the Order for Pretrial and Settlement Conference. As a consequence, proceedings in the conference were delayed and impeded. Plaintiff was inconvenienced unnecessarily, and additional time of his attorney was expended.

The award serves to penalize the improper conduct, and to deter others who might contemplate similar misconduct. See Universal Cooperatives, Inc. v. Tribal Co-Op. Marketing Dev. Fed. of India, Ltd., 45 F.3d 1194, 1196 (8th Cir. 1995). Although the award is phrased as a sanction, the award also serves to compensate Plaintiff and his counsel for expenses and inconvenience incurred as a result of the conduct Defendants.

J.M.M.